

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2007

# USA v. Depack

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1597

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Depack" (2007). *2007 Decisions.* Paper 1592.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1592

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-1597

UNITED STATES OF AMERICA

v.

ROY DEPACK
a/k/a ROY J. DEPACK, JR.

Roy Depack,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 04-CR-0599
District Judge: The Honorable Faith S. Hochberg

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 12, 2007

Before: SMITH and FISHER, *Circuit Judges*,
and DIAMOND, *District Judge**

(Filed: February 20, 2007 )

---

*The Honorable Gustave Diamond, Senior District Judge for the United
States District Court for the Western District of Pennsylvania, sitting by
designation.

1

SMITH, *Circuit Judge*.

On August 26, 2004, a grand jury returned an indictment against Roy DePack, charging him with four counts of criminal conduct. Counts One and Two alleged that DePack committed bank fraud in violation of 18 U.S.C. § 1344 and 18 U.S.C. § 2. Count Three alleged that he made counterfeit obligations and securities in violation of 18 U.S.C. § 471. Count Four charged that he attempted to sell counterfeit obligations in violation of 18 U.S.C. § 472. DePack initially pleaded not guilty and moved to suppress certain evidence, including several thousand dollars in counterfeit obligations. These items had been seized from an upstairs apartment he occupied in his aunt's house. The United States District Court for the District of New Jersey denied the motion, finding that his aunt reasonably believed that DePack had abandoned the premises and that his aunt's consent justified the warrantless search.

Thereafter, on March 2, 2005, after executing a plea agreement which contained a waiver of his appellate rights, DePack pleaded guilty as charged in the indictment. On February 7, 2006, the District Court sentenced DePack to, *inter alia*, 70 months of imprisonment on each count, to be served concurrently.

DePack filed a timely notice of appeal.[1]  His counsel concluded that there were no non-frivolous issues to appeal and filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), together with a supporting brief.  In *Anders*, the Supreme Court held that the "constitutional requirement of substantial equality and fair process" necessitates that appellant's counsel vigorously act as an advocate for the defendant.  *Id.* at 744. Thus, counsel's

> role as advocate requires that he support his client's appeal to the best of his ability.  Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.  That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

*Id.*  In *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), we reiterated that an *Anders* brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)).

Consistent with this Court's local rule, the *Anders* brief was served on DePack and he was advised that he could file an informal response brief.  *See* Third Circuit L.A.R. 109.2(a).  In his various submissions, DePack disputed his counsel's arguments on several points and asked for bail.  After considering the

---

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

3

arguments presented by counsel and DePack, the prosecution agreed with counsel that there were no non-frivolous issues to raise on appeal.

We have thoroughly reviewed the record in this appeal and we conclude that defense counsel has satisfied *Youla*'s requirements. He compiled an appendix with the salient portions of the record, set forth the facts of the case, including the procedural and substantive history of the case, identified six possible issues for appeal, and explained why each issue was frivolous.

We agree with defense counsel that DePack's guilty plea limits the issues he may raise on appeal to claiming that he had a constitutional right not to be haled into court on a charge, to challenging the validity of his guilty plea, and to attacking the legality of his sentence. *See United States v. Broce*, 488 U.S. 563, 574-76 (1989); 18 U.S.C. § 3742(a); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Hawthorne*, 532 F.2d 318, 322 (3d Cir. 1976). Contrary to DePack's contention, we find that there was an adequate factual basis for Depack's plea to each count in the indictment. Our review of the plea colloquy demonstrates that the District Court complied with the mandates of Federal Rule of Criminal Procedure 11 and *Boykin v. Alabama*, 395 U.S. 238 (1969). Accordingly, we conclude that the District Court did not err in finding that DePack's guilty plea was knowing and voluntary. Because DePack's guilty plea did not offend the United States Constitution, we find that he waived any

4

challenge he may have had to the District Court's order granting the motion to suppress. *Tollett*, 411 U.S. at 267; *Hawthorne*, 532 F.2d at 322.

We recognize that DePack moved to withdraw his guilty plea. We find no abuse of discretion by the District Court in denying the motion, however, as the District Court appropriately noted that DePack did not meaningfully assert his innocence. *See United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (pointing out that the District Court must evaluate, *inter alia*, whether the defendant asserted his innocence). Indeed, at the hearing on the motion, DePack acknowledged that he was guilty of the charges.

DePack's guilty plea does not preclude him from challenging the legality of his sentence. He contends that the District Court erred in calculating his Guidelines range because it failed to give him three points for his acceptance of responsibility. Even though DePack moved to withdraw his guilty plea, the District Court granted him a one point reduction for his guilty plea. We fail to find any error by the District Court in this assessment. Nor do we find any error by the District Court in its exercise of discretion in sentencing him under 18 U.S.C. § 3553(a).

Defense counsel also appropriately points out that any claims by DePack of ineffective assistance of counsel should not be raised in this direct appeal. As we observed in *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003), it is

5

preferable to review ineffectiveness claims on collateral review. *Id.* (citing *Massaro v. United States*, 538 U.S. 500 (2003)). For that reason, we will not address DePack's claims of ineffectiveness by both counsel at this juncture.

In sum, after conducting our own independent review, we find no non-frivolous issues to raise on appeal. Moreover, we cannot ignore the fact that DePack's plea agreement contained a waiver of his appellate rights and that he acknowledged during his plea colloquy that he understood that he was waiving his right to a direct appeal. In *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001), we declared that "waivers of appeals, if entered into knowingly and voluntarily, are valid." Thus, his appellate waiver provides an additional basis for finding that this appeal lacks merit. Accordingly, we will grant counsel's motion to withdraw and we will affirm the February 9, 2006 judgment of the District Court. We further certify that the issues presented in this appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. Third Cir. L.A.R 109.2(b).